In re GALAXY ASSOCIATES, Debtor.

GALAXY ASSOCIATES, Plaintiff,

v.

SHEFFIELD CORPORATION and Citytrust, Defendants.

Bankruptcy No. 5–83–00342.
Adv. No. 5–85–0026.

United States Bankruptcy Court,
D. Connecticut.

May 14, 1990.

Lloyd S. Lowinger, Slavitt, Connery & Vardamis, Norwalk, Conn., for plaintiff.

Richard J. Buturla, Berchem & Moses, P.C., Milford, Conn., for defendants.

## MEMORANDUM AND ORDER ON MOTION TO DISQUALIFY COUNSEL

ALAN H.W. SHIFF, Bankruptcy Judge.

The plaintiff moves to disqualify the defendants' law firm, Berchem & Moses ("BM"). For the reasons that follow, the motion is denied.

### BACKGROUND

The plaintiff is a partnership which was formed to purchase three apartment buildings located in Norwalk, Connecticut; to perform construction work necessary to convert the apartments into condominiums; and to market the completed condominium units (the "project"). On December 23, 1981, the defendant Citytrust made a $5,000,000.00 construction loan to the plaintiff, which was secured by a first mortgage on the project and a $400,000.00 irrevocable letter of credit issued by Merchants Bank and Trust.

In January, 1983, Citytrust called the letter of credit, which Merchants Bank paid on January 20, 1983. Subsequent negotiations between the plaintiff and Citytrust resulted in an April 7, 1983 Contract of Sale (the "Contract"), which provided that Citytrust would form a wholly owned subsidiary corporation to be known as Sheffield Corporation; that the defendant Sheffield would purchase the project, assume $3,692,616.67 of the plaintiff's mortgage obligation to Citytrust, complete the conversion, and market the condominium units; and that sale proceeds would be applied first to reduce the principal on the mortgage, second to reimburse Sheffield for costs of completion, which were not to exceed $2,800,000.00, and third to pay Citytrust interest, with any surplus to go to the plaintiff. Citytrust subsequently applied $400,000.00 from the letter of credit to the debt, thereby reducing the principal balance to $3,292,616.67. On April 8, 1983, the plaintiff filed a chapter 11 petition. On May 11, 1983, the court approved the Contract. Sheffield subsequently completed the project. The defendants claim that the sale of the project resulted in a deficit after the allowance of all completion costs.

On March 14, 1985, the plaintiff commenced the instant adversary proceeding, contending that the sale of the project generated a surplus of approximately $825,-000.00 and that the alleged deficit resulted from grossly inflated costs of completion and the failure to hold surplus funds in interest bearing accounts. The challenged costs include attorneys' fees of approximately $81,000.00 paid to BM.

On April 5, 1990, the plaintiff filed the instant motion under Connecticut Rules of Professional Conduct ("Conn.Rule") 3.7, contending that it will call BM attorneys as witnesses to testify about advice BM gave

to the defendants and that the probability that BM's testimony will conflict with the defendants' employees' testimony mandates BM's disqualification. The plaintiff's attorney admitted at oral argument that he was not aware of any relevant local rules of the district court or this court. Upon being directed to District Court Local Civil Rule 33(b)(2) he acknowledged that it is the governing provision, but contended that the standards under that rule are the same as those under Conn.Rule 3.7.

The defendants state that District Court Local Civil Rule 33 governs, *see infra* at 4 for text, and contend that two years of discovery have not yielded a shred of potential evidence that there is a conflict between them and BM. The defendants further argue that BM has represented them in this matter for approximately eight years and that they would be prejudiced if BM were disqualified. The defendants attorney has characterized the plaintiff's motion as "borderline frivolous".

## DISCUSSION

### 1.

District Court Local Civil Rule ("Dist. Rule") 3(a), made applicable by Local Bankruptcy Rule 1(b), provides:

> 1. Other than the specific Rules enumerated in Rule 3(a)2 of these Local Rules, this Court recognizes the authority of the "Rules of Professional Conduct," as approved by the Judges of the Connecticut Superior Court as in effect on October 1, 1986, as expressing the standards of professional conduct expected of lawyers practicing in the District of Connecticut....
>
> 2. Rules 3.6 and 3.7(b) of the Rules of Professional Conduct are not adopted as rules governing professional conduct in the District of Connecticut.... The ethical standards governing participation as counsel in a case where either the attorney or another attorney in his or her firm may be a witness for both civil and criminal cases are set forth in Local Civil Rule 33.

Since this adversary proceeding was pending for approximately five years before the plaintiff disclosed its intention to call BM attorneys as witnesses, Dist.Rule 33(b)(2) is controlling and provides:

> If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or she or a lawyer in the same firm may be called as a witness other than on behalf of his or her client, the lawyer may continue the representation until it is apparent that his or her testimony is or may be prejudicial to the client.

### 2.

The plaintiff's contention that the same standard governs motions under Conn.Rule 3.7 and Dist.Rule 33(b)(2) is misinformed. Conn.Rule 3.7 does not include any provision analogous to Dist.Rule 33(b)(2). Dist. Rule 33(b)(2) traces Code of Professional Responsibility D.R. 5–102(B), and the plaintiff's motion cannot be granted under the standards for that rule as enunciated by the courts in this circuit.

In ruling on disqualification matters, courts in this circuit give deference to the right of a client to choose his own counsel so long as high professional standards are maintained. *Government of India v. Cook Indus., Inc.,* 569 F.2d 737, 739 (2d Cir.1978); *Huntington v. Great W. Resources, Inc.,* 655 F.Supp. 565, 571 (S.D.N.Y.1987). As the court in *Government of India* stated:

> A client whose attorney is disqualified incurs a loss of time and money in being compelled to retain new counsel who in turn have to become familiar with the prior comprehensive investigation which is the core of modern complex litigation. The client moreover may lose the benefit of its longtime counsel's specialized knowledge of its operations.

*Government of India, supra,* 569 F.2d at 739. Thus, I am obliged to adopt "a restrained approach that focuses primarily on preserving the integrity of the trial process." *Armstrong v. McAlpin,* 625 F.2d 433, 444 (2d Cir.1980), *vacated,* 449 U.S. 1106, 101 S.Ct. 911, 66 L.Ed.2d 835 (1981). As the court in *Lamborn v. Dittmer,* 873

F.2d 522, 531 (2d Cir.1989), observed, "[b]ecause the courts must guard against tactical use of motions to disqualify counsel, they are subject to fairly strict scrutiny, *particularly motions under subdivision [D.R. 5–102]*(B)...." (Citations omitted and emphasis added). Under that strict standard, an attorney should not be disqualified unless the attorney's presence will tend to taint the case. *Board of Ed. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir.1979); *United States Football League v. National Football League*, 605 F.Supp. 1448, 1452 (S.D.N.Y.1985). A trial may become tainted if an attorney's conflict of interest under D.R. 5–102(B) undermines the court's confidence in the vigor of the attorney's representation of his client. *Gaull v. Wyeth Laboratories, Inc.*, 687 F.Supp. 77, 80 (S.D.N.Y.1988). *See also Nyquist, supra,* 590 F.2d at 1246.

■ Under D.R. 5–102(B), the moving party must not only specifically demonstrate the nature and extent of any alleged prejudice, but also that the likelihood of such prejudice occurring is substantial. *Lamborn, supra,* 873 F.2d at 531; *Rice v. Baron,* 456 F.Supp. 1361, 1371 (S.D.N.Y. 1978).

> "For testimony to be 'prejudicial' within the meaning of the disciplinary rule, the 'projected testimony of a lawyer or firm member must be sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony.'"

*Lamborn, supra,* 873 F.2d at 531 (quoting *Rice, supra,* 456 F.Supp. at 1371).

■ The plaintiff has failed to meet its burden of proof. It has made no attempt to demonstrate that there is a substantial likelihood that the defendants will be prejudiced if BM attorneys are called to testify. Instead, the plaintiff's attorney invites this court to speculate that if called to testify, BM attorneys might contradict deposition testimony given by the defendants employees.

## CONCLUSION

The plaintiff's motion is without merit, it is denied, and IT IS SO ORDERED.